

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Randall F. Sobol, a/k/a,
Raymond R.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service,
(Headquarters),
Agency.

Request No. 2021005043

Appeal No. 2020001697

Agency No. 6U-000-0037-18

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2020001697 (August 16, 2021). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

During the relevant time, Complainant worked for the Agency as an Operations Specialist in Honolulu, Hawaii.

On September 17, 2018, Complainant filed a formal complaint, claiming discrimination based on race, sec, color, age, and in reprisal for prior protected activity when: he learned he was not selected for a Manager position; his manager never responded to a travel approval request for a

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                            2021005043

meeting in Washington, D.C.; his travel approval request for a trip to the Los Angeles Service Center; he was notified that an EAS-25 detail would not be extended; he has been required during the work of the Director Asian Pacific Relation position, although no longer being on an EAS-25 detail; he had not been offered a detail opportunity as Acting Manager of International Policy and Business Development; he was informed he was still expected to do the work of the Acting Manager position despite not being selected for a detail in that position; he was issued a letter of warning; his appeal of the letter of warning was denied; and his appeal the Headquarters' Labor Relations regarding the letter of warning was denied.

Following an investigation, Complainant requested that the Agency issue a final decision. Thereafter, the Agency issued a final decision, finding no discrimination.

On appeal, in EEOC Appeal No. 2020001697, the Commission affirmed the Agency's final decision finding no discrimination.

In the instant request for reconsideration, we have carefully reviewed Complainant's argument and determine that the argument constitutes, in essence, a reiteration matters raised by Complainant on appeal from the Agency's final decision. We note that in this original appeal of the Agency's final decision, Complainant provided detailed arguments relating to the subject claims. Submissions on the instant request are basically a replication of those prior arguments. A request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2020001697 remains the Commission's decision. **There is no further right of administrative appeal on the decision of the Commission on this request.**

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

3                                          2021005043

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations


January 31, 2022
Date